# EXHIBIT A

November 17, 2021

To:      LMB MORTGAGE SERVICES, INC.
             CT Corporation System
             450 Veterans Memorial Parkway, Suite 7A
             East Providence, RI 02914

Subject:    Notice of Pending Superior Court Action


Dear LMB MORTGAGE SERVICES, INC.,
      The attached complaint was filed against LMB MORTGAGE SERVICES, INC. in Rhode Island Superior Court. Find also enclosed a summons, four language assistance notices, and my first set of discovery requests in this matter. Please contact me via email so that we can resolve this matter.

                    Sincerely,

                    Christopher M Laccinole
                    23 Othmar St.
                    Narragansett, Rhode Island 02882
                    chrislaccinole@gmail.com


Encl:  (1) Summons
       (2) Complaint
       (3) Four Language Assistance Notices
       (4) Plaintiff's First Set of Combined Interrogatories, Requests for Production, and Requests for Admission



# STATE OF RHODE ISLAND

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>WC-2021-0528 |
| **Plaintiff**<br>Christopher Laccinole<br>v.<br>LMB MORTGAGE SERVICES, INC.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Christopher Laccinole |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>23 Othmar St<br>Narragansett RI 02882 |
| McGrath Judicial Complex<br>Washington County<br>4800 Tower Hill Road<br>Wakefield RI 02879<br>(401) 782-4121 | **Address of the Defendant**<br>C.T. Corporation System<br>450 Veterans Memorial Parkway Suite 7A<br>East Providence RI 02914 |

**TO THE DEFENDANT, Lmb Mortgage Services, Inc.:**

The above named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 11/17/2021 | /s/ Brenden Oates<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)

Case Number: WC-2021-0528
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

CASE 1:21-cv-00495-JJM-PAS   Document 1-1   Filed 12/16/21   Page 4 of 35 PageID #: 8

STATE OF RHODE ISLAND                    SUPERIOR COURT
WASHINGTON COUNTY

CHRISTOPHER LACCINOLE                    C.A. No.
*Plaintiff*

Vs.

                                         JURY TRIAL REQUESTED

LMB MORTGAGE SERVICES, INC.
&
Does 1-10 Inclusive;
*Defendants*

## COMPLAINT

### I. INTRODUCTION

1.   Plaintiff, a consumer, alleges that LMB MORTGAGE SERVICES, INC.

     ("LowerMyBills") harassed him with robodialed telemarketing solicitations without

     the prior express written consent of Plaintiff and while Plaintiff's telephone number

     was on the National Do-Not-Call Registry.

2.   After being inundated with robocalls and text messages, Plaintiff was forced to send

     LowerMyBills a certified letter telling LowerMyBills to stop calling and texting

     Plaintiff.

3.   The Plaintiff brings this action alleging that the Defendant LowerMyBills and Does

     1-10 engaged in harassing, abusive, and prohibited conduct while soliciting for

     business in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227

     (hereinafter "TCPA"). The Plaintiff seeks statutory damages and injunctive relief

     from each Defendant under the TCPA.

4.   Plaintiff never consented to receive these calls or text messages.

5.   Plaintiff also alleges that Defendant's conduct while attempting to sell products

     constituted a deceptive practice in violation of the Rhode Island Deceptive Trade

1

Case Number: WC-2021-0528
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS   Document 1-1   Filed 12/16/21   Page 5 of 35 PageID #: 9

Practices Act. The Plaintiff seeks actual damages, injunctive relief, punitive damages, costs, and attorney fees from each Defendant under the RI DTPA.

6.   Any violations by Defendant were knowing, willful, intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

7.   This Court has jurisdiction to hear the TCPA claims in this matter pursuant to 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5).

8.   Venue is proper because Plaintiff is a resident of Washington County and the conduct giving rise to this Complaint occurred in Washington County.

## III. PARTIES

9.   Defendant LowerMyBills maintains its headquarters at 12181 Bluff Creek Dr., Ste 250, Los Angeles, CA 90094.

10.  The Plaintiff is an adult resident of Narragansett, Rhode Island.

11.  Upon information and belief, Defendant may be served upon its registered agent in Rhode Island, to wit: CT Corporation System at 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914.

12.  Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## IV. TCPA BACKGROUND

13.  In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer

2

Case Number: WC-2021-0528
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS   Document 1-1   Filed 12/16/21   Page 6 of 35 PageID #: 10

Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The TCPA Prohibits Automated Telemarketing Calls to Cellular Telephones and Numbers</u>

<u>Charged Per Call.</u>

14.   The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system (ATDS) or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service or to a number that is charged per call. See 47 U.S.C. § 227(b)(1)(A). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). See 47 U.S.C. § 227(b)(3).

15.   According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

16.   The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

17.   In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

3

Case Number: WC-2021-0528
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS   Document 1-1   Filed 12/16/21   Page 7 of 35 PageID #: 11

[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

<u>The National Do Not Call Registry</u>

18. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

19. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

<u>The TCPA's Internal Do Not Call List Requirements</u>

20. The TCPA's implementing regulations prohibit any company from initiating any telemarketing call unless the company has implemented internal procedures for maintaining a list of persons who request not to be called by the entity. 47 C.F.R. 64.1200(d). Such internal procedures must meet certain minimum requirements to allow the entity to initiate telemarketing calls. 47 C.F.R. 64.1200(d)(1)-(6).

21. This includes the requirements that:

1. "Persons or entities making calls for telemarketing purposes must have a written

4

Case Number: WC-2021-0528
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS    Document 1-1    Filed 12/16/21    Page 8 of 35 PageID #: 12

policy, available upon demand, for maintaining a do-not-call list" (47 C.F.R. 64.1200(d)(1));

2. "Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list" (47 C.F.R. 64.1200(d)(2));

3. Persons or entities making telemarketing calls must honor do-not-call requests within a reasonable time, not to exceed thirty days, from the date such request is made (47 C.F.R. 64.1200(d)(3));

22. Pursuant to 47 C.F.R. 64.1200(e), the rules set forth above in 47 C.F.R. 64.1200(d) are "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers...."

## V. FACTUAL ALLEGATIONS

23. Plaintiff is a person as that term is defined by 47 U.S.C. § 153(39).

24. Plaintiff is a person as that term is defined or referenced by RIGL § 6-13.1-5.2, RIGL § 9-1-28.1.

25. Defendant is a person as that term is defined by 47 U.S.C. § 153(39).

26. Defendant is a person as that term is defined or referenced by RIGL § 6-13.1-5.2, RIGL § 9-1-28.1.

27. In a quest to compete with other businesses, LowerMyBills implemented a telemarketing tool that placed automated calls and text messages to consumers to solicit LowerMyBills' products.

28. Plaintiff did not ask for LowerMyBills to contact him regarding any products or services.

29. As a consumer, Plaintiff purchased a cellular telephone in 2019 for residential

Case Number: WC-2021-0528
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS   Document 1-1   Filed 12/16/21   Page 9 of 35 PageID #: 13

purposes only.

30.     Plaintiff's cellular telephone is not associated with any business.

31.     Plaintiff's cellular telephone has a limited minutes plan and limited text messages plan, so that when LowerMyBills places calls or text messages to Plaintiff, LowerMyBills depletes the minute or text message balance on Plaintiff's plan.

32.     Plaintiff does not owe any Defendant any money.

33.     On October 8, 2021, Plaintiff started receiving calls and text messages from 815 435 0294.

34.     During every call when LowerMyBills called Plaintiff, Plaintiff would answer the call and there would be a prerecorded message playing from "Taylor from Lower My Bills."

35.     LowerMyBills was attempting to sell a financial product.

36.     Plaintiff subsequently discovered that LowerMyBills is a telemarketer.

37.     LowerMyBills continued to call and text message Plaintiff.

38.     During the prerecorded message that LowerMyBills transmitted to Plaintiff, LowerMyBills did not state clearly at the beginning of the message the identity of the business, individual, or other entity initiating the call.

39.     In the prerecorded message that LowerMyBills transmitted to Plaintiff, LowerMyBills did not state clearly the address of such business, other entity, or individual.

40.     On October 13, 2021, Plaintiff sent a certified letter (return receipt requested) to LowerMyBills at 12181 Bluff Creek Dr., Ste 250, Los Angeles, CA 90094.

41.     In Plaintiff's letter, Plaintiff provided his name, his full mailing address, and his

6

Case 1:21-cv-00495-JJM-PAS    Document 1-1    Filed 12/16/21    Page 10 of 35 PageID #: 14

telephone number that LowerMyBills keeps calling.

42. In Plaintiff's letter, he stated:

    *Dear Lowermybills,*

    *Please don't send me any text messages or call me.  You have the wrong number.*

    *Sincerely,*

    *Chris Laccinole*

43. On several days, LowerMyBills called or texted Plaintiff three times per day.

44. Upon information and belief, Defendants employ an automated telephone dialing system because there was no human on the other end of the call during these calls.

45. The further evidence of this automated telephone dialing system is that LowerMyBills used prerecorded messages when Plaintiff answered the call.

46. To call Plaintiff's cellular telephone, Defendants utilized a calling platform ("Platform") that allowed the transmission of thousands of calls without human involvement.

47. This is evident because on many occasions, Plaintiff received and answered phone calls from Defendants, only to be placed on hold and forced to wait while no human was on the other end of the call.

48. Specifically, upon information and belief, Defendants utilized a combination of hardware and software systems to call Plaintiff.  The systems utilized by Defendants have the capacity to store telephone numbers using a random or sequential generator, and to dial such numbers from a list without human intervention.

49. Transmission of LowerMyBills' telephone solicitations work as follows:  Private companies known as gateway providers have contractual arrangements with mobile

7

Case Number: WC-2021-0528
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS   Document 1-1   Filed 12/16/21   Page 11 of 35 PageID #: 15

carriers to transmit two-way text message traffic. These SMS gateway providers send and receive SMS traffic to and from the mobile phone networks' SMS centers, which are responsible for relaying those messages to the intended mobile phone. This allows for the transmission of a large number of SMS messages to and from a long code.

50.  Defendant LowerMyBills wrote and recorded the telemarketing solicitation messages before transmitting the messages to a list of phone numbers.

51.  To send the prerecorded text messages, Defendant used a messaging platform (the "Platform") that permitted Defendant to transmit thousands of automated text messages without any human involvement.

52.  The Platform has the capacity to store telephone numbers, which capacity was in fact utilized by Defendant.

53.  The Platform has the capacity to generate sequential numbers, which capacity was in fact utilized by Defendant.

54.  The Platform has the capacity to dial numbers in sequential order, which capacity was in fact utilized by Defendant.

55.  The Platform has the capacity to dial numbers from a list of numbers, which capacity was in fact utilized by Defendant.

56.  The Platform has the capacity to dial numbers without human intervention, which capacity was in fact utilized by Defendant.

57.  The Platform has the capacity to schedule the time and date for future transmission of text messages, which occurs without any human involvement.

58.  To transmit the messages at issue, the Platform automatically executed the following

Case Number: WC-2021-0528
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS   Document 1-1   Filed 12/16/21   Page 12 of 35 PageID #: 16

steps:

    a.    The Platform retrieved each telephone number from a list of numbers in the sequential order the numbers were listed;

    b.    The Platform then generated each number in the sequential order listed and combined each number with the content of Defendant's prerecorded message to create "packets" consisting of one telephone number and the message content;

    c.    Each packet was then transmitted in the sequential order listed to an SMS aggregator, which acts an intermediary between the Platform, mobile carriers (e.g. AT&T), and consumers.

    d.    Upon receipt of each packet, the SMS aggregator transmitted each packet – automatically and with no human intervention – to the respective mobile carrier for the telephone number, again in the sequential order listed by Defendant.

    e.    Each mobile carrier then sent the message to its customer's mobile telephone.

59.    The above execution of these instructions occurred seamlessly, with no human intervention, and almost instantaneously.  Indeed, the Platform is capable of transmitting thousands of text messages following the above steps in minutes, if not less.

60.    Further, the Platform "throttles" the transmission of the text messages depending on feedback it receives from the mobile carrier networks. In other words, the platform controls how quickly messages are transmitted depending on network congestion. The platform performs this throttling function automatically and does not allow a

Case Number: WC-2021-0528
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS   Document 1-1   Filed 12/16/21   Page 13 of 35 PageID #: 17

human to control the function.

61.   The following graphic summarizes the above steps and demonstrates that the dialing

of the text messages at issue was done by the Platform automatically and without

any human intervention:



62.   Upon information and belief, LowerMyBills uses the phone number 774 254 3366 to

contact consumers such as Plaintiff.

63.   Plaintiff does not have an account with LowerMyBills.

64.   Plaintiff has no pre-existing business relationship with LowerMyBills and never

requested by an agreement or otherwise that he be contacted.

65.   At the time that LowerMyBills started calling Plaintiff, Plaintiff had already been in

possession of his phone and the phone number in question for nearly two years.  At

no point in this preceding two years was Plaintiff ever contacted by LowerMyBills.

66.   Plaintiff never provided his consent to LowerMyBills to be contacted on his cellular

telephone.

67.   Plaintiff's phone number is part of the national Do Not Call registry.

68.   LowerMyBills's calls directly interfered with Plaintiff's right to peacefully enjoy a

10

Case Number: WC-2021-0528
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS   Document 1-1   Filed 12/16/21   Page 14 of 35 PageID #: 18

service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration, and annoyance.

69.     It is unfair for LowerMyBills to call Plaintiff and deplete the minutes and text messages in Plaintiff's cell phone plan when LowerMyBills did not have consent to call Plaintiff.

70.     The telephone calls and text messages to Plaintiff's cellular telephone number were not initiated for an emergency purpose.

71.     The robocalls were annoying, abusive, and harassing to Plaintiff.

72.     The robocalls to Plaintiff invaded the privacy interests that the TCPA was intended to protect.

73.     Defendants do not maintain a written policy for maintaining a do-not-call list.

74.     Defendants have not informed and trained personnel engaged in making calls on the use of the do-not-call list.

75.     Plaintiff incurred damages as a result of Defendant's unlawful conduct.

76.     Defendant's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

77.     Defendant's phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

78.     Defendant's phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

79.     Defendant's phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

80.     Defendants harassed Plaintiff by incessantly calling Plaintiff's telephone.

81.     Defendant's phone calls harmed Plaintiff by causing Plaintiff aggravation and

Case Number: WC-2021-0528
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS   Document 1-1   Filed 12/16/21   Page 15 of 35 PageID #: 19

annoyance.

82.   Defendant's phone calls harmed Plaintiff by wasting Plaintiff's time.

83.   Defendant's phone calls harmed Plaintiff by depleting the battery life on Plaintiff's cellular telephone.

84.   Defendant's phone calls harmed Plaintiff by using minutes allocated to Plaintiff by Plaintiff's cellular telephone service provider.

85.   Defendant's phone calls harmed Plaintiff by using text messages allocated to Plaintiff by Plaintiff's cellular telephone service provider.

86.   Defendant's phone calls harmed Plaintiff by using data storage space in Plaintiff's cellular telephone.

87.   Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices by engaging in acts or practices that are unfair or deceptive to the consumer.  LowerMyBills caused charges to be incurred on Plaintiff's cellular telephone.

88.   Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices by using methods, acts, and practices that mislead or deceive members of the public in a material respect.

### COUNT I – Telephone Consumer Protection Act – 47 U.S.C. § 227(b)(1)(A)(iii)

89.   The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

90.   Defendant's violations of the TCPA include, but are not limited to, the following:

> Making and/or initiating a telephone call using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

Case Number: WC-2021-0528
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS   Document 1-1   Filed 12/16/21   Page 16 of 35 PageID #: 20

91. As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

92. Since Defendant's violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
    2) Statutory Damages in the amount of $1,500 for "each such violation" pursuant to 47 U.S.C. § 227(b)(3);
    3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff using an automatic telephone dialing system or prerecorded message.
    4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
    5) Such other relief as the Court may deem just and appropriate.

### COUNT II – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(1)(iii)

93. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

94. Defendants violated regulations of the TCPA including, but not limited to, the following:

> No person or entity may use an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.
>
> 47 CFR § 64.1200(a)(1)(iii).

95. Defendants damaged Plaintiff by calling and texting his cellular phone and using the limited minutes and text messages plan in his cellular telephone plan that Plaintiff purchased.

Case Number: WC-2021-0538
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS    Document 1-1    Filed 12/16/21    Page 17 of 35 PageID #: 21

96.    As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

97.    Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff
   using an automatic telephone dialing system or prerecorded message.
4) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT III – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(2)**

98.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

99.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

No person or entity may initiate, or cause to be initiated, any telephone call
that includes or introduces an advertisement or constitutes telemarketing,
using an automatic telephone dialing system or an artificial or prerecorded
voice, to any of the lines or telephone numbers described in paragraphs
(a)(1)(i) through (iii) of this section.
                                                    47 CFR § 64.1200(a)(2).

100.   Defendants damaged Plaintiff by calling his cellular phone with telemarketing

messages and using the limited minutes and text messages plan in Plaintiff's cellular

telephone plan that Plaintiff purchased.

14

Case Number: WC-2021-0528
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS   Document 1-1   Filed 12/16/21   Page 18 of 35 PageID #: 22

101.    As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

102.    Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from making
   telemarketing calls using an automatic telephone dialing system or
   prerecorded message.
4) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT IV – Telephone Consumer Protection Act – 47 CFR § 64.1200(c)(2)**

103.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

104.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

No person or entity shall initiate any telephone solicitation to a residential
telephone subscriber who has registered his or her telephone number on the
national do-not-call registry of persons who do not wish to receive telephone
solicitations that is maintained by the Federal Government.
                                                          47 CFR § 64.1200(c)(2).

The rules set forth in paragraph (c) and (d) of this section [47 CFR § 64.1200]
are applicable to any person or entity making telephone solicitations or
telemarketing calls to wireless telephone numbers to the extent described in
the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153,
"Rules and Regulations Implementing the Telephone Consumer Protection
Act of 1991."

Case Number: WC-2021-0538
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS   Document 1-1   Filed 12/16/21   Page 19 of 35 PageID #: 23

47 CFR § 64.1200(e).

105.  Since Defendants called Plaintiff's cellular telephone while his telephone was on the National Do Not Call Registry, Defendant's conduct damaged Plaintiff by forcing him to incur expenses from further phone calls and text messages to Plaintiff's cellular telephone.

106.  As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

107.  Since Defendant's violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1)  Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2)  Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3)  Injunctive Relief to restrain and enjoin Defendant from calling telephone numbers on the national do-not-call-registry.
4)  Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5)  Such other relief as the Court may deem just and appropriate.

**COUNT V – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(1)**

108.  The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

109.  Defendants violated regulations of the TCPA including, but not limited to, the following:

Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

16

47 CFR § 64.1200(d)(1).

110.   Defendants do not maintain a do-not-call list.

111.   Plaintiff asked LowerMyBills for a copy of the do not call policy and Defendant did
       not provide any policy.

112.   As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to
       an award of statutory damages of $500.00 "for each such violation" and an
       injunction prohibiting future conduct in violation of the TCPA.

113.   Since Defendant's violations were committed willfully and knowingly, Plaintiff
       requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for
       each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

   1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
   2) Statutory Damages in the amount of $1,500 for each such violation
      pursuant to 47 U.S.C. § 227(b)(3);
   3) Injunctive Relief to restrain and enjoin Defendant from conducting
      telemarketing without a written policy for maintaining a do-not-call list.
   4) Referral to the Rhode Island Attorney General for prosecution under 47
      U.S.C. § 227(g).
   5) Such other relief as the Court may deem just and appropriate.

**COUNT VI – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(2)**

114.   The acts of the Defendants constitute violations of the Telephone Consumer
       Protection Act.

115.   Defendants violated regulations of the TCPA including, but not limited to, the
       following:

       Training of personnel engaged in telemarketing.  Personnel engaged in any
       aspect of telemarketing must be informed and trained in the existence and use
       of the do-not-call list.

47 CFR § 64.1200(d)(2).

17

Case Number: WC-2021-0528
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS   Document 1-1   Filed 12/16/21   Page 21 of 35 PageID #: 25

116.   Defendants do not maintain a do-not-call list.

117.   As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

118.   Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing
   without informed and trained personnel.
4) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT VII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(4)**

119.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

120.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

Identification of sellers and telemarketers. A person or entity making a call for
telemarketing purposes must provide the called party with the name of the
individual caller, the name of the person or entity on whose behalf the call is
being made, and a telephone number or address at which the person or entity
may be contacted.

47 CFR § 64.1200(d)(4).

121.   Since Defendants did not identify the name of the caller, Defendant's conduct

damaged Plaintiff by forcing him to incur expenses to determine who called

18

Case Number: WC-2021-0528
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS   Document 1-1   Filed 12/16/21   Page 22 of 35 PageID #: 26

Plaintiff's cellular telephone.

122.   Since Defendants did not identify the name of the entity on whose behalf the call is

being made, Defendant's conduct damaged Plaintiff by forcing him to incur expenses

to determine who called Plaintiff's cellular telephone.

123.   Since Defendants did not identify the address of the caller, Defendant's conduct

damaged Plaintiff by forcing him to incur expenses to determine who called

Plaintiff's cellular telephone.

124.   As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

125.   Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing
   without identifying the caller.
4) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT VIII – Telephone Consumer Protection Act– 47 U.S.C. § 227(c)(5)**

126.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

127.   Defendant's violations of the TCPA include, but are not limited to, the following:

19

Case Number: WC-2021-0528
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS · Document 1-1 · Filed 12/16/21 · Page 23 of 35 PageID #: 27

Placing more than one telephone call to Plaintiff's cellular phone without consent in violation of the TCPA regulations.

128. As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

129. Since Defendant's violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
    2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
    3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
    4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
    5) Such other relief as the Court may deem just and appropriate.

### COUNT IX – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(1)(iii)

130. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

131. Defendants violated regulations of the TCPA including, but not limited to, the following:

> No person or entity may use an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.
>
> 47 CFR § 64.1200(a)(1)(iii).

132. Defendants damaged Plaintiff by calling and texting his cellular phone and using the limited minutes and text messages plan in his cellular telephone plan that Plaintiff

20

Case Number: WC-2021-0528
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS   Document 1-1   Filed 12/16/21   Page 24 of 35 PageID #: 28

purchased.

133.   As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

134.   Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff
   using an automatic telephone dialing system or prerecorded message.
4) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT X – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(2)**

135.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

136.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

No person or entity may initiate, or cause to be initiated, any telephone call
that includes or introduces an advertisement or constitutes telemarketing,
using an automatic telephone dialing system or an artificial or prerecorded
voice, to any of the lines or telephone numbers described in paragraphs
(a)(1)(i) through (iii) of this section.

47 CFR § 64.1200(a)(2).

137.   Defendants damaged Plaintiff by calling his cellular phone with telemarketing

messages and using the limited minutes and text messages plan in Plaintiff's cellular

21

Case Number: WC-2021-0528
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS   Document 1-1   Filed 12/16/21   Page 25 of 35 PageID #: 29

telephone plan that Plaintiff purchased.

138.   As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

139.   Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

   1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
   2) Statutory Damages in the amount of $1,500 for each such violation
      pursuant to 47 U.S.C. § 227(c)(5);
   3) Injunctive Relief to restrain and enjoin Defendant from telemarketing
      using an automatic telephone dialing system or prerecorded message.
   4) Referral to the Rhode Island Attorney General for prosecution under 47
      U.S.C. § 227(g).
   5) Such other relief as the Court may deem just and appropriate.

### COUNT XI – Telephone Consumer Protection Act – 47 CFR § 64.1200(c)(2)

140.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

141.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

   No person or entity shall initiate any telephone solicitation to a residential
   telephone subscriber who has registered his or her telephone number on the
   national do-not-call registry of persons who do not wish to receive telephone
   solicitations that is maintained by the Federal Government.
                                               47 CFR § 64.1200(c)(2).

   The rules set forth in paragraph (c) and (d) of this section [47 CFR § 64.1200]
   are applicable to any person or entity making telephone solicitations or
   telemarketing calls to wireless telephone numbers to the extent described in
   the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153,

22

Case Number: WC-2021-0538
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS   Document 1-1   Filed 12/16/21   Page 26 of 35 PageID #: 30

"Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991."

47 CFR § 64.1200(e).

142. Since Defendants called Plaintiff's cellular telephone while his telephone was on the National Do Not Call Registry, Defendant's conduct damaged Plaintiff by forcing him to incur expenses from further phone calls and text messages to Plaintiff's cellular telephone.

143. As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

144. Since Defendant's violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing to numbers on the national do-not-call registry.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT XII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(1)**

145. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

146. Defendants violated regulations of the TCPA including, but not limited to, the following:

23

Case Number: WC-2021-0528
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS   Document 1-1   Filed 12/16/21   Page 27 of 35 PageID #: 31

Written policy.  Persons or entities making calls for telemarketing purposes
must have a written policy, available upon demand, for maintaining a do-not-
call list.

47 CFR § 64.1200(d)(1).

147.   Defendants do not maintain a do-not-call policy.

148.   As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

149.   Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing
   without a written do-not-call policy.
4) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT XIII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(2)**

150.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

151.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

Training of personnel engaged in telemarketing.  Personnel engaged in any
aspect of telemarketing must be informed and trained in the existence and use
of the do-not-call list.

47 CFR § 64.1200(d)(2).

152.   Defendants do not maintain a do-not-call list.

24

Case Number: WC-2021-0538
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS   Document 1-1   Filed 12/16/21   Page 28 of 35 PageID #: 32

153.    As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

154.    Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing without informed and trained personnel.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XIV – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(4)

155.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

156.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

> Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.
>
> 47 CFR § 64.1200(d)(4).

157.    Since Defendants did not identify the name of the caller, Defendant's conduct

damaged Plaintiff by forcing him to incur expenses to determine who called

Plaintiff's cellular telephone.

Case Number: WC-2021-0528
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS    Document 1-1    Filed 12/16/21    Page 29 of 35 PageID #: 33

158.    Since Defendants did not identify the name of the entity on whose behalf the call is being made, Defendant's conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

159.    Since Defendants did not identify the address of the caller, Defendant's conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

160.    As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

161.    Since Defendant's violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from telemarketing without identifying the caller.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

## COUNT XV – RHODE ISLAND DTPA

162.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

163.    Defendant violated the restrictions the RI DTPA imposes on them prohibiting Defendant from using unfair and deceptive practices in violation of Rhode Island General Law § 6-13.1 *et seq*.

Case Number: WC-2021-0528
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS   Document 1-1   Filed 12/16/21   Page 30 of 35 PageID #: 34

164. Defendant engaged in false representation or deceptive means to obtain money from a person.

165. By calling Plaintiff's personal cellular telephone repeatedly, Defendants caused Plaintiff to incur charges to his personal cellular telephone plan, and depleted the minutes and text messages available in his plan.

166. Defendant's actions were unfair to Plaintiff where Plaintiff had to go out of his way to tell Defendants to stop calling him and to stop the charges from LowerMyBills to accrue to Plaintiff's cellular telephone plan.

167. As a result of such conduct and actions, the Plaintiff has suffered actual damages, in an amount to be determined by the court, and he may recover therefore pursuant to Rhode Island General Law § 6-13.1-5.2.

168. Such conduct and actions of Defendants were willful, egregious, wicked, and, as a result, the Plaintiff is entitled to punitive damages pursuant to Rhode Island General Law § 6-13.1-5.2.

169. The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island General Law § 6-13.1-5.2.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 6-13.1-5.2;
2) Statutory Damages against Defendants in the amount of $200 for each violation of the Rhode Island Deceptive Trade Practices Act pursuant to RIGL § 6-13.1-5.2;
3) Punitive Damages pursuant to RIGL § 6-13.1-5.2;
4) Costs and attorney fees pursuant to RIGL § 6-13.1-5.2;
5) Declaratory Relief that Defendants violated the Rhode Island Deceptive Trade Practices Act;
6) Injunctive Relief to refer the Court's findings to the Rhode Island Attorney General for prosecution and forfeiture under RIGL § 6-13.1-5, RIGL § 6-13.1-5.2(c), RIGL § 6-13.1-7, and RIGL § 6-13.1-9.
7) Interest pursuant to RIGL § 9-21-10;

Case Number: WC-2021-0528
Filed in Washington County Superior Court
Submitted: 11/17/2021 11:46 AM
Envelope: 3377351
Reviewer: Brittany M.

Case 1:21-cv-00495-JJM-PAS   Document 1-1   Filed 12/16/21   Page 31 of 35 PageID #: 35

8)  Such other relief as the Court may deem just and appropriate.

## COUNT XVI – RIGHT TO PRIVACY

170.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

171.   Defendants violated the restrictions the privacy statute imposes on them prohibiting

Defendants from invading Plaintiff's privacy in violation of RIGL § 9-1-28.1 *et seq.*

172.   Defendants intruded upon the seclusion of Plaintiff.

173.   It is highly offensive that Defendants robocall Plaintiff three times a day, put Plaintiff

on hold, and play prerecorded messages.

174.   As a result of such conduct and actions, the Plaintiff has suffered actual damages, in

an amount to be determined pursuant to RIGL § 9-1-28.1.

175.   The Plaintiff is entitled to an award of attorney's fees pursuant to RIGL § 9-1-28.1.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1)  Actual Damages pursuant to RIGL § 9-1-28.1;
2)  Costs and attorney fees pursuant to RIGL § 9-1-28.1;
3)  Declaratory Relief that Defendants invaded Plaintiff's privacy.
4)  Injunctive Relief to restrain and enjoin Defendants from violating
    Plaintiff's privacy.
5)  Interest pursuant to RIGL § 9-21-10;
1)  Such other relief as the Court may deem just and appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury on all Counts.

The Plaintiff,

*/s/ Christopher Laccinole*
Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882
chrislaccinole@gmail.com

28

មើលសេចក្តីជូនដំណឹងនេះជាភាសាខ្មែរ អេស្ប៉ាញ និងព័រ្ទុយហ្គីសនៅលើទំព័រដែលបានភ្ជាប់។



## សេចក្តីជូនដំណឹង

## លោកអ្នកមានបណ្តឹងនៅក្នុងប្រព័ន្ធតុលាការនៃរដ្ឋ Rhode Island។

## លោកអ្នកមានសិទ្ធិស្នើសុំអ្នកបកប្រែដោយឥតគិតថ្លៃសម្រាប់ខ្លួនឯង។

ដីកាប្រតិបត្តិរបស់តុលាការកំពូលនៃ Rhode Island (Rhode Island Supreme Court Executive Order) លេខ 2012-05 បានចែងចារនៅពេលបច្ចុប្បន្នដែលមានចំណេះដឹងផ្នែកភាសាអង់គ្លេសមានកំណត់ (LEP) បញ្ជាក់ខ្លួននៅក្នុងតុលាការ តុលាការនៃ Rhode Island និងផ្តល់សំអ្នកបកប្រែដែលលបានអនុញ្ញាតដោយឥតគិតថ្លៃសម្រាប់ចុងចោទ ដើមចោទ សាក្សី ជនរងគ្រោះ មាតាបិតារបស់អនីតិជន បុរសណាម្នាក់ដែលពាក់ព័ន្ធយ៉ាងសំខាន់នៅក្នុងដំណើរការតុលាការ។ សេវាម្មបកប្រែនេះ ត្រូវបានផ្តល់ជូនដោយឥតគិតថ្លៃសម្រាប់គូភាគី និងនៅគ្រប់ប្រភេទបណ្តឹង ទាំងរដ្ឋប្បវេណី និងព្រហ្មទណ្ឌ។ អ្នកបកប្រែមួយតុលាការនឹងធ្វើការនៅក្នុងគ្រប់តុលាការទាំងអស់របស់ប្រព័ន្ធតុលាការនៃរដ្ឋ Rhode Island។ ដើម្បីត្រៀបពេលវេលាអ្នកបកប្រែសម្រាប់បៃថ្ងូចលសនាការរបស់លោកអ្នក លោកអ្នកអាចធ្វើចំនួនក្រោម ៖

1. ទូរស័ព្ទទំនាក់ទំនងការិយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយៈលេខ (401) 222-8710 ឬ
2. ផ្ញើអ៊ីម៉ែលទៅកាន់ **interpreterfeedback@courts.ri.gov** ឬ
3. ទៅកាន់ការិយាល័យអ្នកបកប្រែដើម្បីត្រៀបពេលវេលាអ្នកបកប្រែ ៖

   **The Office of Court Interpreters**
   **Licht Judicial Complex**
   **Fourth Floor, Room 401**
   **250 Benefit Street**
   **Providence, RI 02903**

នៅពេលស្នើសុំអ្នកបកប្រែ សូមផ្តល់ព័ត៌មានដូចខាងក្រោម ៖

- ឈ្មោះ និងលេខបណ្តឹងរបស់លោកអ្នក
- ភាសាដែលលោកអ្នកស្នើសុំ
- កាលបរិច្ឆេទ និងម៉ោងសវនាការរបស់លោកអ្នក
- ទីតាំងនៃសវនាការរបស់លោកអ្នក
- ឈ្មោះ និងលេខទូរស័ព្ទលោកអ្នកដែលយើងខ្ញុំអាចទាក់ទងនឹងលោកអ្នក ឬមេធាវីលោកអ្នកបាន

សម្រាប់ព័ត៌មានបន្ថែមជាភាសាព័រ្ទុយហ្គីស រុស្ស៊ី និងអេស្ប៉ាញ រួមទាំងបញ្ជីទម្រង់បែបបទនូតុលាការដែលមានជាភាសាអេស្ប៉ាញនោះ សូមចូល
ទៅកាន់គេហទំព័រយើងខ្ញុំនៅលើអ៊ិនធឺណិត ៖

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx.

ដើម្បីស្នើសុំការបកប្រែសេចក្តីជូនដំណឹងនេះជាភាសាណាមួយផ្សេងទៀត សូមទូរស័ព្ទទៅកាន់ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយៈលេខ (401) 222-8710។
វាជាការចំចាប់ដែលត្រូវមានអ្នកជំនាញភាសាអង់គ្លេសជាប្រយោជន៍អ្នកនៅពេលដែលលោកអ្នកទូរស័ព្ទចូលមក។

តុលាការ Rhode Island ប្ដេជ្ញាធ្វើឲ្យតុលាការអាចប្រើប្រាស់បានសម្រាប់មនុស្សគ្រប់គ្នា។

ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការ
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903

See this notice in Cambodian, Spanish, and Portuguese on the attached pages. **Español**: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas. **Português**: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# NOTICE

## You have a case in the Rhode Island state court system.

## You have the right to an interpreter at no cost to you.

Rhode Island Supreme Court Executive Order 2012-05 states that when a Limited-English Proficient (LEP) person appears in court, the Rhode Island Judiciary will provide a free authorized interpreter for the defendant, plaintiff, witness, victim, parent of a juvenile, or someone with a significant interest in the court proceeding. This interpreting service is provided at no cost to the parties and in all types of cases, both civil and criminal. Court interpreters work in all the courthouses of the Rhode Island state court system.

**To schedule an interpreter for your day in court, you have the following options:**

1. **Call the Office of Court Interpreters at (401) 222-8710, or**

2. **Send an email message to <u>interpreterfeedback@courts.ri.gov</u>, or**

3. **Visit the interpreters' office to schedule an interpreter:**

> **The Office of Court Interpreters**
> **Licht Judicial Complex**
> **Fourth Floor, Room 401**
> **250 Benefit Street**
> **Providence, RI 02903**

**When requesting an interpreter, please provide the following information:**

> **The name and number of your case**
> **The language you are requesting**
> **The date and time of your hearing**
> **The location of your hearing**
> **Your name and a telephone number where we can reach you or your lawyer**

---

For more information in Portuguese, Russian, and Spanish, including a listing of court forms that are available in Spanish, please visit our website on the Internet:

<u>https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx</u>.

To request a translation of this notice into any other language, please call the Office of Court Interpreters at (401) 222-8710. It would be helpful to have an English speaker with you when you call.

The Rhode Island Judiciary is committed to making the courts accessible to all.

The Office of Court Interpreters
Licht Judicial Complex Fourth
Floor Room 401
250 Benefit Street
Providence, RI 02903

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Camboyano**: SAMPLE: [Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.]
**Español**: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Português**: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# NOTIFICAÇÃO

## V. Ex.ª tem um processo em curso no sistema judiciário do Estado de Rhode Island,

## V. Ex.ª tem direito aos serviços gratuitos de um intérprete.

A Ordem Executiva 2012-05 do Supremo Tribunal de Rhode Island prevê que quando uma pessoa com conhecimentos limitados da língua inglesa (*Limited-English Proficient*) (LEP) comparece em tribunal, a Administração Judiciária de Rhode Island disponibiliza-lhe gratuitamente os serviços de um intérprete autorizado a um réu, autor, testemunha, vítima, pai ou mãe de um menor ou alguém com interesse significativo no processo judicial. O serviço de intérprete é prestado gratuitamente às partes e em todos os tipos de processos, sejam eles civis ou penais. Os intérpretes do tribunal trabalham em todos os tribunais do sistema judiciário do Estado de Rhode Island.

**Para agendar os serviços de um intérprete para o seu dia no tribunal, tem as seguintes opções:**

1. **Telefonar para o Gabinete de Intérpretes Judiciais através do n.º (401) 222-8710, ou**

2. **Enviar uma mensagem de correio eletrónico para interpreterfeedback@courts.ri.gov, ou**

3. **Deslocar-se ao gabinete de intérpretes para agendar os serviços de um intérprete:**

> **Gabinete de Intérpretes Judiciais**
> **Complexo Judicial Licht**
> **Quarto Piso, Sala 401**
> **250 Benefit Street**
> **Providence, RI 02903**

**Quando solicitar os serviços de um intérprete deve fornecer os seguintes dados:**

- **O nome e número do seu processo**
- **O idioma que solicita**
- **A data e hora da sua audiência**
- **O local da sua audiência**
- **O seu nome e um número de telefone para o podermos contactar a si ou ao seu advogado**

---

Para obter mais informações em português, russo e espanhol, incluindo uma lista dos formulários judiciais disponíveis em espanhol, visite o nosso website na internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx.

Para solicitar uma tradução desta notificação para qualquer outro idioma, telefone para o Gabinete de Intérpretes Judiciais através do número (401) 222-8710. Recomenda-se que esteja acompanhado por alguém que fale inglês quando fizer a chamada.

A Administração Judiciária de Rhode Island está empenhada em tornar os tribunais acessíveis para todos.

Gabinete de Intérpretes Judiciais
Complexo Judicial Licht
Quarto Piso, Sala 401
250 Benefit Street
Providence, RI 02903

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Español**: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Portugués**: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# A V I S O

## Usted tiene un caso en el sistema judicial de Rhode Island.

## Usted tiene el derecho a tener un intérprete sin costo para usted.

La Orden Ejecutiva 2012-05 del Tribunal Supremo de Rhode Island dicta que cuando una persona que tiene un dominio limitado del inglés (LEP) comparece ante la corte, el Sistema Judicial de Rhode Island le proveerá un intérprete autorizado gratis sea el acusado/demandado, demandante, testigo, víctima, padre de un menor de edad alguien que tenga con un interés importante en el proceso de la corte. Este servicio de interpretación se le proveerá sin costo alguno a los participantes en toda clase de caso, sea civil o penal.

Los intérpretes judiciales trabajan en todos los tribunales del Sistema Judicial de Rhode Island.

**Para solicitar un intérprete para su comparecencia en el tribunal, usted tiene las siguientes opciones:**

1.  **Llamar a la Oficina de Intérpretes en el tribunal al 401-222-8710 ;**

2.  **Mandar un correo electrónico a <u>interpreterfeedback@courts.ri.gov</u>; o**

3.  **Presentarse a la Oficina de Intérpretes para solicitar un intérprete:**

    > **The Office of Court Interpreters**
    > **Licht Judicial Complex**
    > **Cuarto Piso, Oficina 401 A-B**
    > **250 Benefit Street**
    > **Providence, RI 02903**

        **Al solicitar un intérprete, por favor provea la siguiente información:**

-   **El nombre y el número de su caso**

-   **El idioma que solicita**

-   **La fecha y hora de su audiencia**

-   **Dónde va a tomar lugar su audiencia**

-   **Su nombre y número de teléfono por el cual nos podamos poner en contacto con usted o con su abogado.**

---

Para obtener más información en portugués, ruso o español, incluyendo una lista de formularios de la corte que están disponibles en español, visite nuestra página de internet:

<u>https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx</u>

Para solicitar la traducción de este aviso en cualquier otro idioma, por favor llame a la oficina de intérpretes al (401) 222-8710. Ayudaría si usted puede estar en compañía de una persona que habla inglés cuando llame.

El sistema jurídico de Rhode Island se compromete a proporcionar a todas las personas mejor acceso a los tribunales.

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903

9/15